**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **VICTOR NOLAN,** ) | **CASE NO. 1:11 CV 2227** |
| ) | |
| **Plaintiff,** ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| **LAKE ERIE CORRECTIONAL** ) | |
| **INSTITUTION,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff Victor Nolan filed this action under 42 U.S.C. § 1983 against the Lake Erie Correctional Institution ("LECI"), Management Training Corporation ("MTC"), and LECI Health Care Administrator Linda Gillispie. In the Complaint, Plaintiff asserts he did not receive adequate medical treatment in violation of the Eighth and Fourteenth Amendments. He seeks monetary and injunctive relief.

**I. Background**

Plaintiff is a state prisoner currently incarcerated in LECI, a private prison owned and operated by MTC. He indicated he suffers from several ailments including "a foot and knee condition," a tumor on his left foot, and athletes foot fungus. He contends he is under the care of

the prison's podiatrist Dr. Haywood.

Plaintiff indicates he sent a Health Services Request form ("HSR") to the medical department on December 5, 2009 indicating he had seen Dr. Haywood five days earlier and was prescribed medication for his foot. He also stated he was to be given a cane, and asked for a medical restriction for work. In response to his HSR, Plaintiff was told to come to the medical department for his cane, informed that Motrin had been ordered for pain, and told x-rays had been scheduled. (ECF No. 1-1 at 2.)

Plaintiff sent a second HSR form to the medical department on December 14, 2009 indicating he needed medication for his athletes foot. He stated that Dr. Haywood was supposed to order some medication but he did not receive it. Instead, he purchased Tolnaftate 1% at the commissary and used it for several weeks. He claimed it was not effective in treating his condition. The medical department responded by scheduling Plaintiff to see the nurse on December 17, 2009. (ECF No. 1-1 at 3-4.)

Three days after his appointment with the nurse, Plaintiff sent a third HSR form to the medical department. He indicated he had been given a topical antifungal foot cream to use with the Tolnaftate but it was not working. He asked for a different medication. In response, Plaintiff was told the medication takes approximately one month to begin to be effective. He was told to give the medication time to work, but to send another HSR to request an appointment if his symptoms worsened. (ECF. No. 1-1 at 4.)

Plaintiff's prescription for Motrin expired in February 2010. He sent an HSR form to the medical department asking to have it renewed. (ECF No. 1-1 at 5.) He was told the doctor had authorized only a 60 day supply, and he would be required to make another appointment with the

-2-

nurse if he believed he still needed the medication. (ECF No. 1-1 at 6.) Plaintiff argued that the prescription was issued for 90 days and reminded the department that x-rays had not yet been taken of his feet. (ECF No. 1-1 at 7.) The medical department responded by reiterating that the prescription was for 60 days, not 90 and indicating Ms. Gillispie would be reminded about the x-rays. (Ecf No. 1-1 at 7.) He asked for an appointment with Dr. Haywood to have his prescription renewed but was scheduled to see the nurse instead. (ECF NO. 1-1 at 8.)

In May and June 2010, Plaintiff sent requests to the medical department indicating that the rubber tip on his cane had worn off. He requested a new cane. He was scheduled to see the nurse to receive a new cane tip. Plaintiff was informed in October 2010 that the institution physician reviewed his chart and discontinued his prescription for the cane. Plaintiff objected, saying the cane had been issued by Dr. Haywood and indicating he had not seen the institution physician. He was told the cane was discontinued because he had been observed not using the cane properly. (ECF No. 1-1 at 15.) He was told he would have to go through nurses sick call to be re-evaluated for the need for a cane. (ECF No. 1-1 at 15.)

Plaintiff had another appointment with Dr. Haywood in Spring of 2011. At that time, Dr. Haywood indicated to the Plaintiff that he would make insoles for Plaintiff's shoes. He was also told to see the institution physician for pain management. He filed an Informal Complaint Resolution grievance form on April 20, 2011 claiming he did not receive the shoe inserts and had not received an appointment with the institution's physician. (ECF No. 1-1 at 18.) He indicated he did not receive an answer to this informal complaint so he filed a formal grievance. The Institutional Inspector indicated Ms. Gillispie contacted Dr. Haywood who said he would bring the insoles with him on his next visit to the prison. He was told if he did not have his insoles by the

end of the month, to contact the Inspector. (ECF NO. 1-1 at 21.) He filed an Appeal of the Inspector's Disposition of his Grievance indicating that he still had not been scheduled to see the institution's physician about pain management. (ECF NO. 1-1 at 22.) The Chief Inspector referred the case back to the Institutional Inspector. In response, the institution physician was directed to speak with Dr. Haywood about Plaintiff's case. Plaintiff contends this response was inadequate.

Plaintiff asserts two claims under the Eighth and Fourteenth Amendments. First, he contends the Defendants did not follow Dr. Haywood's specific medical treatment plan and considered his medical problems to be insubstantial and non-life-threatening. Second, he claims the Defendants ignored his repeated requests for treatment and confiscated his walking claim.

## II. LAW AND ANALYSIS

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

-4-

F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998).

**Parties**

As an initial matter, LECI is not a proper party to this action. It is not a legal entity capable of being sued. Rather, it is a facility owned and operated by MTC. *See Petty v. County of Franklin, Ohio*, 478 F.3d 341 (6th Cir.2007); *Brett v. Wallace*, 107 F.Supp.2d 949 (S.D.Ohio 2000) ("[T]he Sheriff's Office is not a proper legal entity and, therefore, is not subject to suit or liability under 42 U.S.C. § 1983."); *Elkins v. Summit County, Ohio*, 2008 WL 622038 (N.D.Ohio March 5, 2008). Plaintiff's claims against LECI therefore, are construed against MTC.

There is no indication that MTC was aware of and involved in Plaintiff's health care

-5-

decisions. Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Even when the Defendant is a corporate owner or supervisor, liability cannot be based solely on the actions of employees or agents under a theory of *respondeat superior*. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir.1999). Instead, MTC can be held liable only when execution of its policy or custom inflicts the injury. *See Monell*, 436 U.S. at 691; *Bass*, 167 F.3d at 1048. Liability must lie upon more than a mere right to control employees. *Bass*, 167 F.3d at 1048. Because Plaintiff has not alleged any facts to suggest MTC was directly involved in his health care decisions, he cannot proceed with an Eighth or Fourteenth Amendment claim against this Defendant.

**Eighth Amendment**

Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. Plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment.

*Id.* at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff fails to establish the objective component of his claim. There is no indication in the Complaint that he has been deprived of appropriate medical care. He has been seen at nurses sick call on multiple occasions. He has been seen by the institution physician who referred him to a foot specialist. He has been seen and treated by the specialist, Dr. Haywood for the past two years. He has been prescribed topical anti-fungal creams, and medication for pain. He was given insoles designed specifically for him by Dr. Haywood and was issued a cane. Although the cane was confiscated for improper use, he was told he could make an appointment with nurses sick call to be re-evaluated for the need for the cane. He submitted several HCR forms and received answers or appointments in response to each one. Prisoners are not entitled to unfettered access to the medical treatment of their choice. *See Hudson*, 503 U.S. at 9; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). There is no indication that Plaintiff was denied medically necessary treatment.

Moreover, even if Plaintiff had demonstrated he had been deprived of proper treatment, he has not established that Ms. Gillispie personally acted with deliberate indifference to his serious medical needs. *Farmer*, 511 U.S. at 835. An official acts with deliberate indifference when he or she "acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. *Id.* at 837. The official must both be

-7-

aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id*. Mere negligence will not suffice. *Id.* at 835-36. Consequently, allegations of medical malpractice, negligent diagnosis, or negligent treatment fail to state an Eighth Amendment claim. *Id.*

There are few allegations in the Complaint against Ms. Gillispie. Plaintiff contends she answered an Informal Complaint in November 2009 by indicating that the institution physician requested a podiatry consult for Plaintiff. She noted that the podiatrist comes to the institution only once per month but that he would be seen at that time. (ECF No. 1-1 at 18.) He contends her response was dismissive, but he was, in fact, seen by Dr. Haywood and by other medical personnel at the institution. He further contends, without explanation, that she has not "honor[ed] the Foot Doctor Haywood's recommended treatment plan for Plaintiff." (ECF NO. 1-1 at 4.) He does not state what treatment he is being denied and does not connect that denial to any action taken by Ms. Gillispie. None of the allegations indicate she was deliberately indifferent to his serious medical needs.

**Fourteenth Amendment**

Plaintiff also claims without explanation that he is raising a claim under the Fourteenth Amendment. Based on the content of the pleading, the Court liberally construes this as an attempt to assert a claim for denial of substantive due process.

Due process claims of this nature involve official acts which cause a deprivation of a substantive fundamental right. *Mertik v. Blalock*, 983 F.2d 1353, 1367 (6th Cir. 1993). In addition, under substantive due process, courts have invalidated laws or actions of government officials that "shock the conscience." *See United States v. Salerno*, 481 U.S. 739, 746 (1987). These actions are

-8-

unconstitutional regardless of the procedural protections provided. *Parate v. Isibor*, 868 F.2d 821, 832 (6th Cir. 1989). A citizen, however, does not suffer a constitutional deprivation every time he is subjected to some form of harassment by a government agent. *Id*. at 833. The conduct asserted must be "so severe, so disproportionate to the need presented, and such an abuse of authority as to transcend the bounds of ordinary tort law and establish a deprivation of constitutional rights." *Id*.

Plaintiff's substantive due process claim appears to be based on conduct alleged to be so severe that it shocks the conscience. Where a specific Amendment provides an explicit source of constitutional protection against a particular sort of governmental conduct, however, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *See Graham v. Connor*, 490 U.S. 386, 395 (1989). Plaintiff asserted a substantially similar claim under the Eighth Amendment, which was already considered by this Court. His substantive due process claim therefore is dismissed as duplicative of his Eighth Amendment claim.

### III. CONCLUSION

For the reasons outlined above, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

**IT IS SO ORDERED.**

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

                         S/Christopher A. Boyko
                         **CHRISTOPHER A. BOYKO**
                         **United States District Judge**

January 6, 2012